IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| In re: | : | Case No 10-33397 |
| | : | |
| JEFFERY A. FAULKNER | : | Chapter 11 |
| | : | |
| Debtor and Debtor in possession. | : | Judge Humphrey |
| | : | |

**PLAN OF REORGANIZATION**

THIS PLAN IS DATED: April 27, 2011

Debtor submits the following Plan of Reorganization herein:

**Definitions**

The following terms, when used in the Plan, shall, unless the context otherwise requires, have the following meanings, respectively:

*Allowed Amount* shall mean:

a. with respect to any administrative Claim, other than a current obligation, if the Claim is based upon a fee application, the amount of such fee application that has been approved by a Final Order of the Bankruptcy Court; with respect to any current obligation, the amount of such Claim that has been agreed to by Debtor and such creditor, failing which, the amount thereof as fixed by a Final Order of the Bankruptcy Court;

b. with respect to a tax Claim, the amount of such Claim that has been agreed to by Debtor and such creditor, failing which, the amount thereof as fixed by a Final Order of the Bankruptcy Court;

c. with respect to any priority Claim, secured Claim, unsecured Claim, or subordinated Claim, (i) if the holder of such Claim has not filed proof thereof with the Bankruptcy Court within the applicable period of time fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and a Final Order issued there under, the amount of such Claim as listed in Debtor's Schedules, as amended, as neither disputed, contingent or unliquidated; or (ii) if the holder of such Claim has filed proof thereof with the Bankruptcy Court within the applicable period of time fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and a Final Order issued there under, (1) the amount stated in such proof if no objection to such Proof of Claim was interposed within applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, or (2) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court.

*Allowed Claim* shall mean any Claim for which an allowed amount has been determined.

*Ballot Date* shall mean the date set by the Bankruptcy Court as the last date for timely submission by a creditor or interest holder of a ballot accepting or rejecting the Plan.

*Claim* shall mean:

a. a right to payment from Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

b. a right existing or deemed to exist as at the filing date as against Debtor to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

*Confirmation Date* shall mean the date on which the Court enters the Confirmation Order.

*Confirmation Order* shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11 of the Bankruptcy Code.

*Consummation of the Plan* shall mean the commencement of payments provided for in the Plan.

*Debtor* shall mean Jeffery A. Faulkner.

*Disclosure Statement* shall mean the Disclosure Statement filed on behalf of Debtor pursuant to Section 1125 of the Bankruptcy Code in aid of confirmation of the Plan, as may be amended, modified, or supplemented.

*Disputed Claim* shall mean any Claim or any portion thereof (including any fee Claim but excluding all Allowed Claims):

a. which is scheduled in Debtor's Amended Schedules as being disputed, contingent or unliquidated; or

b. as to which (i) a proof of Claim has timely been filed, (ii) an objection has been timely filed by or on behalf of Debtor or any other party in interest and not withdrawn, and (iii) no Final Order exists allowing or disallowing such Claim or portion thereof.

In the event that any part of a Claim is disputed, such Claim in its entirety shall be deemed a disputed Claim for purposes of distribution under the Plan, unless Debtor and the holder thereof otherwise agree.

*Effective Date* shall mean the date upon which the Confirmation Order of the Plan becomes final and non-appealable.

*Filing Date* shall mean May 25, 2010, the date of filing of Debtor's Petition for Relief under Chapter 11.

2

*Final Decree* shall mean the Final Decree after confirmation shall be entered upon substantial confirmation of the confirmed Plan along with a discharge of Debtor.

*Final Order* shall mean an order or judgment of the Court (i) as to which the time for appeal has expired and no appeal was filed timely or if an appeal has been filed no stay has been issued or (ii) from which any appeal has been finally determined or dismissed.

*Plan* shall mean this Plan of Reorganization.

*Schedules* shall mean the Schedules of Assets and Liabilities filed by Debtor with the Bankruptcy Court in accordance with Bankruptcy Rule 1007, as they have been or may be amended or supplemented from time to time in accordance with Bankruptcy Rule 1009.

*Trust* shall mean the Jeff A. Faulkner Family Trust dated March 22, 1995.

# ARTICLE I

### Classification of Claims and Interests

The Claims and interests shall be classified as follows:

Class 1:   Administrative Expenses

Class 2:   Real Estate Claims—Secured Claims—Modifications Reached

Class 3:   Real Estate Claims—Real Estate Claims Properties retained by Debtor with no modification of Note in place or no agreement reached as to modification at confirmation, Treatment of Surrendered Properties

Class 4:   Claims of Kelly and Brenda Hollon

Class 5:   Claims for Real Estate Taxes

Class 6:   Claims of Governmental Units

Class 7:   Other General Unsecured Claims

Class 8:   Interests of Jeffery A. Faulkner and Interests of Jeffery A. Faulkner in the Jeff A. Faulkner Family Trust

# ARTICLE II

### Claims Not Impaired Under the Plan

All classes of Claims are impaired by the Plan.

# ARTICLE III

## Treatment of Classes

Class 1:   Administrative Claims

Certain entities including Debtors' attorneys, accountants, appraisers, or other professionals authorized to be employed by Debtors, if any, may file Applications with the Bankruptcy Court for the allowance of compensation and reimbursement of expenses.  Requests for compensation are subject to approval by the Bankruptcy Court after a hearing on notice at which Debtors and other parties in interest may participate and, if appropriate, object to the allowance of any compensation and reimbursement of expenses.  Attorney fees are not known at present, but are estimated to be $65,000.00 at Confirmation.  Other professional fees are not know at present, but are estimated to be $5,000.00 at Confirmation.  These amounts may be greater or lesser depending upon matters involved in the Chapter 11 proceeding, including issues relating to Claims and the confirmation of the Plan.  The allowed professional fees, after court approval shall be paid the later of 60 days after Effective Date or within 60 days of approval, unless otherwise agreed upon by the parties.  Additional administrative expenses would include U.S. Trustee fees unsatisfied at the time of the Plan Confirmation, which at this time are estimated to be less than $2,000.00.  U.S. Trustee fees continue to accrue until the case is closed.  Other allowed administrative Claims will be paid within 30 days of allowance.  Any party seeking payment of an administrative Claim must file such a request on or before the confirmation hearing date.  The Claims of Class 1 are impaired.

Class 2:   Real Estate Claims—Secured Claims

The lenders having collateral security for the notes owed by the Trust and guaranteed by Debtor will be allowed a secured Claim in the amount of the value of the collateral, but no more than the Allowed Claim of the lender.  The lenders having reached agreement as to value of the collateral mortgaged or having entered into modification agreements establishing the secured amount of their Allowed Claim will receive the treatment as provided for in the respective modification-reaffirmation documents as to the secured Claim.

Any amount of the Allowed Claim of a lender that is not an allowed secured Claim shall be treated as set forth in Class 7.  Debtor shall remain liable in the same manner as he was liable as to the original note only for the amount of the allowed secured Claim and will not remain liable on the unsecured Allowed Claim unless otherwise provided for in the Plan.

Lenders included in this Class 2 treatment are impaired.  See Exhibit "A" listing such lenders and properties.  To the extent the amount of the modified note is less than the amount set forth in the proof of Claim filed by the lender or the amount scheduled by Debtor, such "unsecured" or under secured amount, if allowed, shall be treated as a Class 7 Claim.  Should any lender not file a proof of Claim, not contest any amendment disputing their Claim, nor contest an objection made to their Claim, such Claim shall be treated only as a Class 7 Claim, if allowed and such lender shall be bound by the Section 524 injunction issued at confirmation of the Plan, including without limitation, taking any action to collect upon its Claim while Debtor is

4

performing the terms of the confirmed Plan and the case has not converted to Chapter 7 proceedings.

Class 3:   Real Estate Claims—Properties that have been surrendered to Lenders or relief from the automatic stay has been granted

Lenders included in this Class 3 are still negotiating with Debtor to try to reach modification on their respective notes. But no agreement has been reached at this time. See Exhibit "A" listing such lenders and properties. The lender shall be allowed a secured Claim based on the fair market value of the respective property determined by a hearing to be held by the Court before, at or confirmation as provided for in the Plan. Should the parties subsequently agree to the fair market value of the property and modification terms as to the note, the lender shall be bound by the terms of the modification agreement reached which shall be in writing and signed by the necessary parties.   Should such agreement be reached and executed the lender then shall be treated as set forth in Class 2.

Should no agreement be reached, the Court will determine the rate of interest to be paid on the secured Claim based on a thirty year amortization period and a maturity date of not less than ten years.   If the reorganized debtor agrees to retain the property after the determination by the Court of the value of the secured Claim, the interest rate, and other terms; then the reorganized Debtor shall determine whether he will retain the property and pay the obligation of the secured Claim on the terms found by the Court, or whether he shall surrender the property to the lender.

To the extent the allowed amount of the modified note (secured Claim) is less than the amount set forth in the Proof of Claim filed by the lender or the amount scheduled by Debtor, such "unsecured" or under secured amount, if allowed, shall be treated as a Class 7 Claim, unless the reorganized debtor decides to surrender the property and then all Allowed Claims of the lender shall be treated in accordance with the Plan, including without limitation Class 7 treatment.

Allowed Claims of a lender whose properties are not retained by Debtor and are surrendered to a lender shall not participate in Class 7 dividends or distributions until such time they have liquidated the real estate collateralizing their note and have reduced their Allowed Claim by the amount of the gross proceeds of recovered from the liquidated collateral.

Claims of First Financial Bank shall be subject to the treatment provided in this class, but will have the right to liquidate the properties should the Court grant relief of stay.  The Allowed Claims of this Class shall be paid in accordance with the applicable treatment under Class 2, 3, or 7 whichever may be applicable.   The Claims of Class 3 are impaired.

Class 4:   Claims of Kelly and Brenda Hollon

To the extent the Claims of Kelly and Brenda Hollon are allowed by the Court, they shall be treated as general unsecured Claims as provided for in Class 7 below.

Class 5: Claims for Real Estate Taxes

Debtor has reached agreement with the Butler County Treasurer for delinquent taxes in the amount of $288,821.13 and Warren County Treasurer in the amount of $42,022.99. Debtor will pay these delinquent taxes in accordance with delinquent tax agreements reached respectively with each Treasurer. The Claims of the holders of real estate tax Claims shall remain secured by statutory lien rights granted by law. The Claims of Class 5 are impaired.

Class 6: Claims of other Governmental Units

To the extent any Claims of this class are filed and allowed, they shall be repaid in quarterly installments after confirmation and shall be paid in full on or before May 24, 2015. Penalties Claims allowed shall be classified as general unsecured Claims. The Claims of Class 6 are impaired.

Class 7: Other General Unsecured Claims

The Claims of this Class include all other Claims not specifically provided for or as otherwise provided for in Classes 1 though 6, and without limitation, other general unsecured Claims not having allowable and perfected security interests in property of Debtor or the Trust, creditors claiming security interests in non real estate or vehicle collateral, penalty Claims, timely filed Claims not subject to treatment provided for in Class 1 though 6, and Claims scheduled in Class F of the Schedules, if no proof if Claim was filed. Debtor shall pay a $5,000.00 annual dividend to Allowed Claims of this Class, on a pro rata basis, beginning April 10, 2012 and each following April 10 through 2021.

Class 8: Interests of Jeffery A. Faulkner and Interests of Jeffery A. Faulkner in the Jeff A. Faulkner Family Trust

The Trust shall retain ownership of the properties retained at confirmation unless the Court determines Debtor must revoke the Trust to implement the provisions of Chapter 11 of Title 11 as to the Trust property. If Debtor revokes the Trust, the same Plan treatment shall apply as the Trust property shall revert to property of Debtor and property of the estate.

To the extent a reaffirmation agreement has been filed or a modification order has been entered, lenders shall be bound by the reaffirmation or modification terms, with Debtor to remain personally liable upon the allowed secured Claim portion (modified amount of the note) reaffirmed or as ordered. For properties where relief of stay has been granted or where possession of properties have been turned over to a lender, Debtor shall not remain personally liable on the lender Claims on notes or other Claims of lenders that have mortgage notes and mortgages on any such property other than to be provided for in Class 7.

# ARTICLE IV

### Provisions or Treatment of Leases and Executory Contracts

Debtor has no executory contracts. Reaffirmation agreements filed and agreed modification orders entered will continue to be performed by Debtor post-confirmation. Leases with tenants will continue in the ordinary course of business

# ARTICLE V

### Means for Execution of Plan

The Plan is premised upon the following particulars:

1. Debtor will remain in possession of the business, including all interests in the properties of the Trust, and will control the operation of the business and the Trust.

2. Debtor will devote full time and energy to its operations and the successful management thereof.

3. Based on current profit and market projections, set out more particularly in the Disclosure Statement filed herewith, Debtor reasonably expects to generate enough net income to fund the future payments called for by the Plan.

4. After Confirmation of the Plan, Debtor may, with Court approval and so long as it does not materially or adversely affect the interest of the creditors, remedy any defect or inconsistency in the Plan as may be necessary to carry out the purposes and effect of the Plan.

5. Any clause within this Plan that is determined to be unconstitutional, illegal, or otherwise improper or against public policy, shall be severed and stricken from the Plan and shall not invalidate or otherwise render void the remainder of the Plan.

6. Unless another date is provided for under this Plan or by the Bankruptcy Court, all objections to Claims shall be filed before one-hundred eighty (180) days after Confirmation, without prejudice to the extension of such period, upon proper motion. Debtor shall serve a copy of each such objection upon the holder of the Claim to which it pertains in accordance with Bankruptcy Rule 3007.

7. The Court will retain jurisdiction in this case after Confirmation to rule on objections to Claims, as well as other items necessary to the administration of the Plan.

8. Where the Plan provides for payments to be made on specified dates, a fifteen (15) day period of grace will be allowed.

9. Debtor may execute and deliver promissory notes in satisfaction of the obligations set forth in the Plan. Said promissory notes shall not vary the terms of the Plan unless mutually agreed and approved.

## ARTICLE VI

### Request for Confirmation under 11 U.S.C. § 1129(b)

In the event any impaired class of Claims or interests does not accept the Plan, Debtor requests the Court to confirm the Plan under the provisions of 11 U.S.C. § 1129(b).

## ARTICLE VII

### Reservation of Rights

1. Notwithstanding any other provision of the Plan or confirmation of the Plan, Disputed Claims and Claims subject to set-off and/or counterclaim shall be paid only upon their allowance by the Court and Debtor reserves the right to object to any Claim.

2. Notwithstanding the confirmation of the Plan, Debtor shall retain and remain in possession of the causes of action as it may have under the United States Bankruptcy Code or under otherwise applicable federal or state law, and shall be authorized to prosecute such actions as fully and completely as if the same were being prosecuted by a trustee in bankruptcy or otherwise. Additionally, Debtor shall retain the right to pursue all other Claims that it has which accrue to Debtor whether or not pending in federal, state, or other court. Notwithstanding the above, any Claims for recovery arising under the Bankruptcy Code ("Bankruptcy Claims") such as preferences or fraudulent conveyances, must be commenced within 180 days after confirmation. In connection with (i) the review for the existence of or (ii) the prosecution of any Bankruptcy Claims, Debtor agrees that financial information, documents, and books and records relating to specific transactions will be made available to counsel for transferees for review and investigation.

3. Notwithstanding the confirmation of the Plan, Debtor shall retain the right to litigate and/or dispute the validity, priority, extent and/or amount of any alleged secured or unsecured Claim, whether or not addressed specifically in the Plan, and shall retain the right to litigate and/or dispute the extent and validity of the Claims of any unsecured creditor, except as otherwise provided in the Plan.

## ARTICLE VIII

### Jurisdiction of the Court

The Court will retain exclusive jurisdiction over Debtor's Chapter 11 reorganization proceeding until Consummation of the Plan and for various purposes including, but not limited to, the following:

1. For classification or re-classification of the Claims of any creditor and the examination or re-examination of any Claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditors' Claims. The failure by Debtor to object to, dispute, or to examine any Claim for the purpose of voting shall not be deemed to be a waiver of Debtor's right to subsequently object to, dispute, or re-examine the Claim in whole or in part.

2. For determination of all questions and disputes regarding title to the assets of Debtor's estate, determination of all causes of action, controversies, disputes or conflicts, whether or not subject to an action pending as of the date of confirmation, between Debtor and any other party, including, but not limited to, any rights of Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code or otherwise.  In addition, the Court's power shall include, but not be limited to, the power to hear, determine, and approve settlements of any such litigation; hear, determine and allow the payment of expenses incidental to such Claims; and to make such other orders and determinations as may be reasonable and proper in the premises.

3. For the correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

4. To consider any matters brought before the Court by an interested party necessary to carry out the terms, conditions and intent of the Plan.

5. For the modification of the Plan after entry of the Confirmation Order pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

6. To enforce and interpret the terms and conditions of the Plan.

7. To enter any order, including but not limited to injunctions, to implement the terms of the Plan or to enforce the title, rights, and powers of Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as the Court may deem necessary or proper.

8. To determine whether a default has occurred under the provisions of the Plan, and to make such orders as the Court deems necessary to cure such default or to enforce the provisions of the Plan, or as the Court otherwise deems appropriate and necessary.

9. To determine the allowance of Claims or interest and the distribution and payment of Claims or interests.

10. To enter an order concluding and terminating this bankruptcy case.

# ARTICLE IX

### Discharge

1. Discharge. Except as otherwise provided in the Plan or Confirmation Order, the occurrence of confirmation and the issuance of a Confirmation Order shall operate as a discharge, pursuant to Section 1141(d)(1) of the Bankruptcy Code.  Debtor shall be discharged from all obligations not otherwise provided for in the Plan once Debtor performs substantial Consummation of the Plan and no later than the entry of a Final Decree.  On the date of discharge, as to every discharged debt and Claim, the creditor that held such debt or Claim shall be permanently precluded from asserting against Debtor, or against any of the assets, any other or future Claim based upon any document, instrument or act, omission, transaction or other activity

of any kind or nature that occurred prior to the Confirmation Date. Except as otherwise specifically provided herein, nothing in this Plan shall be deemed to waive, limit or restrict in any way, the discharge granted upon confirmation of the Plan in accordance with Section 1141 of the Bankruptcy Code.

    2. Injunction:

    (a) Effective on the Confirmation Date, all persons who have held, hold, or may hold Claims or Allowed Claims, or who have held, hold or may hold interests, shall be enjoined from taking any of the following actions against or affecting Debtor or the assets of Debtor or the Trust (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order or with respect to such Claims or interests):

    (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against Debtor, or the assets of Debtor or the Trust, or any direct or indirect successor in interest to Debtor, or any assets of any such transferee or successor;

    (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly, any judgment, award, decree or order against Debtor or the assets of Debtor or the Trust, or any direct or indirect successor in interest to Debtor, or any assets of any such transferee or successor;

    (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtor or the assets of Debtor or the Trust or any direct or indirect successor in interest to Debtor, or any assets of any such transferee or successor other than as contemplated by the Plan;

    (iv) asserting any set-off-right of subordination or recoupment of any kind, directly or indirectly against any obligation due Debtor or the assets of Debtor or the Trust, or any direct or indirect transferee of any assets of, or successors in interest to Debtor; and

    (v) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

# ARTICLE X

## Miscellaneous Provisions

1. Avoidance Action.

    Debtor may, not later than one hundred eighty (180) days following the Confirmation Date, commence any action in the Bankruptcy Court for the recovery of bankruptcy Claims.

2. Amounts of Claims.

All references to Claims and amounts of Claims refer to the amount of the Claim allowed by operation of law, Final Order of the Bankruptcy Court, or this Plan, <u>provided, however</u>, that Claims which have been objected to and which have not been allowed or disallowed prior to the ballot date shall be voted and counted to the extent fixed and in such amount as estimated by or fixed by the Bankruptcy Court. Debtor and other interested parties reserve the right, both before and after the Confirmation Date, to object to Claims so as to have the Court determine the Allowed Amount of such Claims in respect of this Plan.

3. No Interest.

Except as expressly stated in this Plan, or directed by the Bankruptcy Court, no interest, penalty, or late charge is to be allowed on any Claim subsequent to the filing date.

4. No Attorneys' Fees.

No attorneys' fees will be paid with respect to the assertion against Debtor on any Claim of creditors except as may otherwise be identified herein by specific dollar amount or directed by the Confirmation Order or other Final Order of the Bankruptcy Court.

5. Exculpation.

No Debtor, and none of Debtor's employees, attorneys, accountants, advisors, or agents shall have or incur any liability to any holder for any act or omission in connection with or arising out of their administration of the Plan or the property to be distributed under the Plan except for gross negligence or willful misconduct.

6. Post-Confirmation Effect of Evidences of Claims or Interests.

Except as otherwise provided in the Plan, effective upon the Confirmation Date, all evidences of Claims or interests shall represent only the right to participate in the distributions, if any, contemplated by the Plan. No security interests except as specifically provided in the Plan or Confirmation Order shall continue in or against the property of Debtor.

7. No Prepayment Penalties.

Notwithstanding any provision of the Plan or any obligation or loan document or agreement adopted by the Plan, there shall be no prepayment penalties.

8. Governing Law.

Except to the extent the Bankruptcy Code or Federal Bankruptcy Rules are applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio, without giving effect to the principles of conflicts of law thereof.

9. Headings.

The headings of the Articles, paragraphs, and sections of this Plan are inserted for convenience only and shall not affect the interpretation hereof.

10. Notices.

All notices, requests, elections or demands in connection with this Plan shall be in writing and shall be delivered by personal or overnight delivery service or courier, or by registered or certified mail, return receipt requested to:

> Jeffery A. Faulkner
> 7733 Pleasant Valley
> Camden, Ohio 45311

with copies to:

> Thomas R. Noland, Esq.
> Statman, Harris & Eyrich, LLC
> One South Main Street, Suite 900
> Dayton, Ohio 45402

11. Successors and Assigns.

The rights, benefits and obligations of any person named or referred to in this Plan will be binding upon, and will inure to the benefit of, the heirs, executor, administrators, representatives, successors or assigns of such person.

Dated: April 27, 2011.                    /s/ Jeffery A. Faulkner
                                          Jeffery A. Faulkner
                                          Debtor and Debtor in Possession

STATMAN, HARRIS & EYRICH, LLC


 /s/ Thomas R. Noland
Thomas R. Noland     (0018239)
Michael R. Keefe     (0086645)
One South Main Street, Suite 900
Dayton, Ohio 45402
937-222-1090
f: 937-222-1046
notices@statmanharris.com
*Counsel for Debtor and Debtor in Possession*

Modification Status by Lender and Property

| Class 2--Modification Reached | | | Class 3--No Modification Reached | |
|---|---|---|---|---|
| Lender | Property | | Lender | Property |
| | | | | |
| Am Savings | 516 S Main | | PNC | 2950-70 Wilbraham |
| | 728 S Main | | | |
| | | | HSBC | 28 North River Street |
| Farmers & Merchants | 2940 Wilbraham | | | 122 Highridge Court |
| | 2305-2309 Tytus | | | 124 Highridge Court |
| | 3107 Wildwood | | | 6793 Elk Creek |
| | 2909 Arnco | | | |
| | 616 Bridge | | BAC Home Loans Servicing | 205-207 South Main |
| | 211 211/12 McKinley | | | 635 Main Street |
| | 206 Harrison | | | 729 South Main |
| | 6803 ElkCreek | | | 730 South River |
| | 4114 Jewell | | | 1112 Thirkield |
| | 2313 Byron | | | 17 South Main |
| | 2866 Wilbraham | | | |
| | 2401 Carmody | | Federal National Mortgage Association | 736 South River |
| | | | | 5275 Pearl |
| MidFirst | 7733 Pleasant Valley | | | 6345 Germantown |
| | | | | |
| NB&T | 5270-90 Pearl | | JPMorgan Chase Bank | 3104 Ohio |
| | 1012 S Main | | | 2108 Winona |
| | 810 S River | | | |
| | 7733 Pleasant Valley | | First Financial Bank | 16 units of the Northgate Condominiums |
| | | | | |
| JP MorganChase | 64 units of the Northgate Condominiums | | | |
| | 3100-3176 Wilbraham | | | |