IN THE UNITED STATES BANKRUPTCY COURT
SOUTHEN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 10-33397 |
| | : | |
| Jeffery A. Faulkner | : | Chapter 11 |
| | : | |
| | : | Judge Humphrey |
| Debtor and Debtor in Possession | : | |

**FIRST AMENDED PLAN OF REORGANIZATION AS MODIFIED AT DISCLOSURE STATEMENT HEARING AND MODIFIED AFTER THE ORDER OF THE COURT ENTERED SEPTEMBER 8, 2011.**

THIS PLAN IS DATED: August 26, 2011

Debtor submits the following First Amended Plan of Reorganization as Modified at the Disclosure Statement Hearing.

## Definitions

The following terms, when used in the Plan, shall, unless the context otherwise requires, have the following meanings, respectively:

*Allowed Amount:* shall mean

a.   with respect to any Administrative Claim, other than a current obligation, if the claim is based upon a fee application, the amount of such fee application that has been approved by a Final Order of the Bankruptcy Court; with respect to any current obligation, the amount of such claim that has been agreed to by the Debtor and such creditor, failing which, the amount thereof as fixed by a Final Order of the Bankruptcy Court;

b.   with respect to a Tax Claim, the amount of such claim that has been agreed to by the Debtor and such creditor, failing which, the amount thereof as fixed by a Final Order of the Bankruptcy Court;

c.   with respect to any Priority Claim, Secured Claim, Unsecured Claim, or Subordinated Claim, (i) if the holder of such claim has not filed proof thereof with the Bankruptcy Court within the applicable period of time fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and a Final Order issued there under, the amount of such claim as listed in the Debtor's Schedules, as amended, as neither disputed, contingent or unliquidated; or (ii) if the holder of such claim has filed proof thereof with the Bankruptcy Court within the applicable period of time fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and a Final Order issued there under, (1) the amount stated in such proof if no objection to such Proof of Claim was

interposed within applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, or (2) the amount thereof as fixed by Final Order of the Bankruptcy Court if an objection to such proof was interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court.

*Allowed Claim:* shall mean any claim for which an allowed amount has been determined.

*Ballot Date* : shall mean the date set by the Bankruptcy Court as the last date for timely submission by a creditor or interest holder of a ballot accepting or rejecting the Plan.

*Claim:* shall mean

a.	a right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

b.	a right existing or deemed to exist as at the filing date as against the Debtor to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

*Confirmation of the Plan:* The entry by the Court of an Order Confirming the Plan in accordance with Chapter 11 of the United States Bankruptcy Code.

*Consummation of the Plan:* The commencement of payments provided for in the Plan.

*Debtor:* Jeffery A. Faulkner

*Disclosure Statement:* shall mean the Disclosure Statement filed on behalf of the Debtor pursuant to § 1125 of the Bankruptcy Code in aid of confirmation of the Plan, as may be amended, modified or supplemented.

*Disputed Claim:* shall mean any claim or any portion thereof (including any fee claim but excluding all allowed claims):

a.	which is scheduled in the Debtor's Amended Schedules as being disputed, contingent or unliquidated; or

b.	as to which (i) a proof of claim has timely been filed, (ii) an objection has been timely filed by or on behalf of the Debtor or any other party in interest and not withdrawn, and (iii) no Final Order exists allowing or disallowing such claim or portion thereof.

In the event that any part of a claim is disputed, such claim in its entirety shall be deemed a disputed claim for purposes of distribution under the Plan, unless the Debtor and the holder thereof otherwise agree.

*Effective Date:* The date upon which the Order of Confirmation of the Plan becomes final and non-appealable.

*Filing Date:* May 25, 2010, the date of filing of the Debtor's Petition for Relief under Chapter 11.

*Final Decree:* The Final Decree after confirmation shall be entered upon substantial consummation of the confirmed Plan along with a discharge of the Debtor.

*Final Order:* An order or judgment of the Court (i) as to which the time for appeal has expired and no appeal was filed timely or if an appeal has been filed no stay has been issued or (ii) from which any appeal has been finally determined or dismissed.

*Plan:* This Plan of Reorganization, as may be amended, modified or supplemented.

*Schedules:* shall mean the Schedules of Assets and Liabilities filed by the Debtor with the Bankruptcy Court in accordance with Bankruptcy Rule 1007, as they have been or may be amended or supplemented from time to time in accordance with Bankruptcy Rule 1009.

# ARTICLE I.

## Classification of Claims and Interests

The claims and interests shall be classified as follows:

Class 1: Administrative Claims.

Class 2: Real Estate Claims- Secured Claims – Modifications Reached

Class 3: Real Estate Claims – Real Estate Claims Properties retained by Debtor with no modification of Note in place or no agreement reached as to modification at confirmation, Treatment of Surrendered Properties.

Class 4: Claims of Kelly and Brenda Hollon

Class 5: Claims for Real Estate Taxes

Class 6: Claims of Other Governmental Units

Class 7: Other General Unsecured Claims

Class 8: Interests of Jeffery A. Faulkner and Interests of Jeffery A Faulkner in the Faulkner Family Trust

# ARTICLE II.

## Claims Not Impaired Under the Plan

All classes of claims are impaired by the Plan.

# ARTICLE III.

## Treatment of Classes

Class 1: Administrative Claims.

Certain entities including Debtors' attorneys, accountants, appraisers, or other professionals authorized to be employed by the Debtors, if any, may file Applications with the Bankruptcy Court for the allowance of compensation and reimbursement of expenses. Requests for compensation are subject to approval by the Bankruptcy Court after a hearing on notice at which the Debtors and other parties in interest may participate and, if appropriate, object to the allowance of any compensation and reimbursement of expenses. Attorney fees are not known at present, but are estimated to be $128,000.00 at Confirmation. Other professional fees are not know at present, but are estimated to be $5,000.00 at Confirmation. These amounts may be greater or lesser depending upon matters involved in the Chapter 11 proceeding, including issues relating to claims and the confirmation of the Plan. The allowed professional fees, after court approval, shall be paid the later of 60 days after Effective Date or within 60 days of approval, unless otherwise agreed upon by the parties. Additional administrative expenses would include U.S. Trustee fees unsatisfied at the time of the Plan Confirmation, which at this time are estimated to be less than $2,000.00. U.S. Trustee fees continue to accrue until the case is closed by a final decree. Other allowed administrative claims will be paid within 30 days of allowance. Any party seeking payment of an administrative claim must file such a request on or before the confirmation hearing date, except those claims that accrue post-confirmation. The claims of Class 1 are impaired.

Class 2: Real Estate Claims – Secured Claims.

The lenders having collateral security for the Notes owed by the Trust and/or the Debtor will be allowed a secured claim in the amount of the value of the collateral as set forth in the filed reaffirmation-modification agreements or as provided in any Final Order entered in this case, but no more than the allowed secured claim of the lender. The lenders having reached agreement as to value of the collateral mortgaged or having entered into modification agreements or as provided in any Final Order entered in this case establishing the secured amount of their allowed claim will receive the treatment as provided for in the respective modification-reaffirmation documents or any Final Order as to the secured claim. See Exhibit "F "of the First Amended Disclosure Statement for the docket number and summary of terms for reaffirmation-modification agreements of Final Order reached with lenders. Lenders in this class shall retain any pre-petition mortgage, security interest, or lien on their respective collateral in all respects. Lenders, the Trust and Debtor shall be bound by the terms of the respective reaffirmation-modification agreements or any Final Order entered in this case to date and Debtor or the Trust shall receive no discharge of any *in rem* or *in personam* obligation as provided for in the respective reaffirmation-modification agreements or any Final Order until such allowed secured claim provided for is fully paid.

Any amount of an allowed claim of a lender that is not an allowed secured claim shall be treated as an unsecured claim, the treatment of which is governed in Class 7 below. Debtor shall remain liable in the same manner as he was liable as to the original note for the amount of the allowed secured claim, unless otherwise provided for in the reaffirmation-modification agreement

or any Final Order entered in this case. Should the allowed secured claim be less than the amount due on the Note at filing, the amount not covered by the secured claim, if allowed, shall be treated as an unsecured claim and treated in accordance with Class7.

Lenders included in this Class 2 treatment are impaired. See Exhibit " B" to the First Amended Disclosure Statement listing such lenders and properties. Except as otherwise provided in any Final Order entered prior to confirmation of this amended Plan, should any lender not file a proof of claim, not contest any amendment disputing their claim, nor contest an objection made to their claim, such claim shall be treated only as a Class 7 claim, if allowed, and such lender shall be bound by the 524 injunction issued at confirmation of the Plan, including without limitation, taking any action to collect upon its claim while the Debtor is performing the terms of the confirmed Plan and the case has not converted to Chapter 7 proceedings.

The reaffirmation-modification agreement with American Savings Bank regarding the $20,000 note secured by vehicles shall be extended on the maturity date to 12-31-2011 and a principal payment of $1,000 to be made beginning July 1, 2011. The financing agreements on the Toyota Tundra with Toyota Financial and the Honda Odyssey with Chase Manhattan will continue to be paid pursuant to contract terms.

<u>Class 3:   Real Estate Claims Properties retained by Debtor with no modification of Note in place or no agreement reached as to modification at confirmation, Treatment of Surrendered Properties.</u>

One Lender is included in this Class and is still negotiating with the Debtor to try to reach modification on Note. No agreement has been reached at this time. See Exhibit "C" to the First Amended Disclosure Statement as Modified at the Disclosure Statement Hearing, listing such lender and property. The lender shall be allowed a secured claim based on the fair market value of the respective property determined by a hearing to be held by the Court before, at, or after confirmation as provided for in the Plan. Should the parties subsequently agree to the fair market value of the property and modification terms as to the Note, the lender, Trust and Debtor shall be bound by the terms of the modification agreement reached which shall be in writing and signed by the necessary parties. Should such agreement be reached and executed the lender then shall be treated as set forth in Class 2.

Should no agreement be reached between the Debtor and lender for modification, the Court will determine the rate of interest to be paid on the secured claim based on a thirty year amortization period and a maturity date of not less than ten years.   If the reorganized debtor agrees to retain the property after the determination by the Court of the value of the secured claim, the interest rate and other terms; then the reorganized Debtor shall determine whether he will retain the property and pay the obligation of the secured claim on the terms found by the Court, or whether he shall surrender the property to the lender. To the extent the allowed amount of the modified note (secured claim) is less than the amount set forth in the proof of claim filed by the lender or the amount scheduled by the debtor, such "unsecured" or under secured amount, if allowed, shall be treated as a Class 7 claim, unless the reorganized debtor decides to surrender the property and then all allowed claims of the lender shall as to the Note secured by such property shall be treated as a Class 7 claim and in accordance with the Plan.

Allowed claims of a Lender whose properties are not retained by the Debtor and are surrendered to a Lender shall not participate in Class 7 dividends or distributions until such time they have liquidated the real estate collateralizing their Note and have reduced their allowed claim by the amount of the gross proceeds of recovered from the liquidated collateral. The allowed claims of this Class shall be paid in accordance with the applicable treatment under Class 2, 3 or 7 whichever may be applicable.

The claims of Class 3 are impaired; however, if no lenders claims remain Class 3 claims at confirmation, then this class is not impaired and deemed to have accepted the Plan.

Class 4:   Claims of Kelly and Brenda Hollon.

To the extent the claims of Kelly and Brenda Hollon are allowed by the Court, they shall be treated as general unsecured claims as provided for in Class 7 below, and shall be bound by the terms and conditions set forth in the confirmed Plan. To the extent the claims of the Hollons are allowed and found to be non-dischargeable by a final non-appealable order of the Court, such claims shall be paid first on a pro-rata basis with all Class 7 allowed claims as provided for in the Plan. Should any distributions be made to the Hollons pursuant to the Plan those distributions shall be applied first to any non-dischargeable claims allowed by the Court. Once Class 7 claims have been paid as provided for in the Plan, should the Hollons still have any non-dischargeable allowed claims unpaid, those remaining unpaid allowed non-dischargeable claims shall be subordinated to the rights of other Class 1 through 6 claims allowed for by the Plan which are still remaining to be paid under the Plan and enforcement of such remaining claims shall be enjoined until such time all allowed payments provided for in Class1 through Class 6 are fully paid.

Class 5:   Claims For Real Estate Taxes.

Debtor has reached agreement with the Butler County Treasurer for delinquent taxes in the amount of $288,821.13 and Warren County Treasurer in the amount of $42,022.99. These delinquent taxes will be paid in accordance with delinquent tax agreements reached respectively with each Treasurer. The claims of the holders of real estate tax claims shall remain secured by statutory lien rights granted by law. Real estate taxes accruing post-confirmation will be paid when due. The claims of Class 5 are impaired.

Class 6: Claims of other Governmental Units.

To the extent any claims of this class are filed and allowed, they shall be repaid in quarterly installments after confirmation and shall be paid in full on or before May 24, 2015. Penalties claims allowed shall be classified as general unsecured claims.. The claims of Class 6 are impaired; however, if no claims remain Class 6 claims at confirmation, then this class is not impaired and deemed to have accepted the Plan.

Class 7:   Other General Unsecured Claims.

The claims of this Class include all other claims not specifically provided for or as otherwise provided for in Classes 1-6, any unsecured claim set forth in any Final Order entered in

this Chapter 11 case prior to confirmation, including, and without limitation, other general unsecured claims not having allowable and perfected security interests in property of the Debtor or the Trust, creditors claiming security interests in non real estate or vehicle collateral, penalty claims, timely filed claims not subject to treatment provided for in Class 1-6, and claims scheduled in Class F of the Schedules filed by the Debtor, if no proof of claim was filed.

Debtor shall pay an annual dividend of no less than $5,000.00 to allowed claims of this Class, on a pro rata basis, beginning October 10, 2012 and each following October 10th through 2021, or until such time Debtor has paid a dividend totaling $50,000.00. The amount of allowed unsecured claims not provided for payment as set forth above shall be discharged at confirmation. The payments as provided for in Class 7 shall not be discharged at confirmation and Debtor shall remain liable to pay the $50,000 as provided for until such $50,000.00 is fully paid. The Reorganized Debtor will accelerate payment of the $50,000.00 dividend to Class 7 allowed claims if projection amounts of $5,000.00 for Class 7 are exceeded per annum after full payment of the amounts due Class 1-6 are paid in full for each year. Any debt found to be non-dischargeable shall be accorded treatment in accordance with the Class 7, but shall be subject to payment on a prorate basis with other allowed claims of Class 7, to the extent such allowed non-dischargeable debts are not fully paid in accordance with Class 7 treatment, the holder of such allowed non-dischargeable debt shall be subordinated to the payments of allowed claims in Class 1-6 until such Class 1-6 allowed claims are fully paid and the holder of such allowed non-dischargeable debts shall be enjoined from enforcement of such allowed non-dischargeable debt until the allowed claims of Classes 1-6 are fully paid and until such time the $50,000.00 due Class 7 allowed claims are fully paid.

<u>Class 8:   Interests of Jeffery A. Faulkner and Interests of Jeffery A. Faulkner in the Faulkner Family Trust.</u>

To the extent a reaffirmation agreement has been filed or a Final Order modifying any claim has been entered, lenders, the Trust and Debtor shall be bound by the reaffirmation or terms of any Final Order which modifies claims, with Jeffrey A. Faulkner to remain personally liable upon the allowed secured claim portion (modified amount of the Note) reaffirmed or as otherwise provided in any Final Order. For properties where relief of stay has been previously granted or where possession of properties have been previously surrendered to a lender, Jeffrey A. Faulkner shall not remain personally liable on the lender claims on notes or other claims of lenders that have mortgage notes and mortgages on any such property other than to be provided for in Class 7. The Trust shall remain record owner of the Properties retained.

## ARTICLE IV

### Provisions or Treatment of Leases and Executory Contracts

Debtor has no executory contracts. Reaffirmation agreements filed and agreed modification orders entered will continue to be performed by the Debtor post-confirmation. Leases with tenants will continue in the ordinary course of business.

# ARTICLE V.

## Means for Execution of Plan

The Plan is premised upon the following particulars:

1. The Debtor will remain in possession of the business, including all interests in the Properties of the Trust, and will control the operation of the business and the Trust.

2. The Debtor will devote full time and energy to its operations and the successful management thereof.

3. Based on current profit and market projections, set out more particularly in the Disclosure Statement filed herewith, the Debtor reasonably expects to generate enough net income to fund the future payments called for by the Plan.

4. After Confirmation of this Plan, the Debtor may, with Court approval and so long as it does not materially or adversely affect the interest of the creditors, remedy any defect or inconsistency in the Plan as may be necessary to carry out the purposes and effect of the Plan. Debtor shall continue to file monthly operating reports post-confirmation and pay quarterly U.S. Trustee fees when due until such time a final decree is entered in this case.

5. Any clause, within this Plan that is determined to be unconstitutional, illegal, or otherwise improper or against public policy, shall be severed and stricken from the Plan and shall not invalidate or otherwise render void the remainder of the Plan.

6. Unless another date is provided for under this Plan or by the Bankruptcy Court, all objections to claims shall be filed before one-hundred eighty (180) days after Confirmation, without prejudice to the extension of such period, upon proper motion. The Debtor shall serve a copy of each such objection upon the holder of the claim to which it pertains in accordance with Bankruptcy Rule 3007.

7. The Court will retain jurisdiction, to the extent provided by applicable law, in this case after Confirmation to rule on objections to claims, as well as other items necessary to the administration of the Plan, including but not limited to those rights reserved in Article VII and jurisdiction retained as set forth in Article VIII.

8. Where the Plan provides for payments to be made on specified dates, a fifteen (15) day period of grace will be allowed.

9. The Debtor may execute and deliver promissory notes in satisfaction of the obligations set forth in the Plan. Said promissory Notes shall not vary the terms of the Plan unless mutually agreed and approved.

# ARTICLE VI.

## Request for Confirmation Under 11 U.S.C. §1129(6)

In the event any impaired class of claims or interests does not accept the Plan, the Debtor requests the Court confirm the Plan under the provisions of 11 U.S.C. § 1129(b).

# ARTICLE VII.

## Reservation of Rights

1.      Notwithstanding any other provision of the Plan or confirmation of the Plan, disputed claims and claims subject to set-off and/or counterclaim shall be paid only upon their allowance by the Court and the Debtor reserves the right to object to any claim.

2.      Notwithstanding the confirmation of the Plan, and to the extent permitted by applicable law, the Debtor shall retain and remain in possession of the causes of action as it may have under the United States Bankruptcy Code or under otherwise applicable Federal or State law, and shall be authorized to prosecute such actions as fully and completely as if the same were being prosecuted by a Trustee in bankruptcy or otherwise. Additionally, the Debtor shall, to the extent permitted by applicable law, retain the right to pursue all other claims that it has which accrue to the Debtors whether or not pending in federal, state or other court. Notwithstanding the above, any claims for recovery arising under the Bankruptcy Code ("Bankruptcy Claims") such as preferences or fraudulent conveyances, must be commenced within 180 days after confirmation. In connection with (i) the review for the existence of or (ii) the prosecution of any Bankruptcy claims, the Debtor agrees that financial information, documents, and books and records relating to specific transactions will be made available to counsel for transferees for review and investigation.

3.      Notwithstanding the confirmation of the Plan and to the extent permitted by law, the Debtor shall retain the right to litigate and/or dispute the validity, priority, extent and/or amount of any alleged secured or unsecured claim, whether or not addressed specifically in the Plan, and shall retain the right to litigate and/or dispute the extent and validity of the claims of any unsecured creditor, except as otherwise provided in the Plan.

# ARTICLE VIII.

## Jurisdiction of the Court

The Court will retain, to the extent permitted by applicable law, exclusive jurisdiction over the Debtor's Chapter 11 reorganization proceeding until a final decree is entered after Plan consummation and for various purposes including, but not limited to, the following:

1.      For classification or re-classification of the claims of any creditor and the examination or re-examination of any claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditors' claims. The failure by the Debtor to object to, dispute, or to examine any claim for the purpose of voting shall not be deemed to be a

waiver of the Debtor's right to subsequently object to, dispute, or re-examine the claim in whole or in part.

2. For determination of all questions and disputes regarding title to the assets of the Debtor's estate, property of the estate, the automatic stay, determination of all causes of action, controversies, disputes or conflicts, whether or not subject to an action pending as of the date of confirmation, between the Debtor and any other party, including, but not limited to, any rights of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code or otherwise. In addition, the Court's power shall include, but not be limited to, the power to hear, determine and approve settlements of any such litigation; hear, determine and allow the payment of expenses incidental to such claims; and to make such other orders and determinations as may be reasonable and proper in the premises.

3. For the correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan.

4. To consider any matters brought before the Court by an interested party necessary to carry out the terms, conditions and intent of the Plan.

5. For the modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

6. To enforce and interpret the terms and conditions of the Plan or any Final Order entered in this case prior to confirmation of this Plan.

7. To enter any Order, including but not limited to injunctions, to implement the terms of the Plan or to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as the Court may deem necessary or proper.

8. To determine whether a default has occurred under the provisions of the Plan, and to make such Orders as the Court deems necessary to cure such default or to enforce the provisions of the Plan, or as the Court otherwise deems appropriate and necessary.

9. To determine the allowance of claims or interest and the distribution and payment of claims or interests.

10. To enter an Order concluding and terminating this bankruptcy case.

# ARTICLE IX

## Discharge

1. Discharge.

Unless after notice and hearing the Court orders otherwise for cause, confirmation of an individual Debtor's Chapter 11 Plan does not discharge any debt provided for in the Plan or any Final Order until the Court grants a discharge on completion of all payments under the Plan or any Final Order entered prior to confirmation, in accordance with 11 U.S.C. §1141(d) (5) (A). The Court may grant a discharge prior to Plan completion under sub-part (b) of that Section if there exists a lack of practical ability to modify the confirmed Plan and the distribution of all property under the Plan is no less than unsecured creditors would have received in a Chapter 7 liquidation. The Debtor and the Trust will not discharge the allowed secured claims as provided for in Class 2 until such obligations are fully paid as provided for in the reaffirmation-modification agreements or in any Final Order previously entered in this case which modifies any claim. Debtor will seek a discharge order upon substantial consummation of the Plan and before the entry of a Final Decree as to allowed unsecured claims of Class 7 to the extent they exceed the $50,000.00 provided for payment on unsecured claims of Class 7. Any debt found to be non-dischargeable shall be accorded treatment in accordance with the Class 7, but shall be subject to payment on a prorata basis with other allowed claims of Class 7, to the extent such allowed non-dischargeable debts are not fully paid in accordance with Class 7 treatment, the holder of such allowed non-dischargeable debt shall be subordinated to the payments of allowed claims in Class1-6 until such Class 1-6 allowed claims are fully paid and the holder of such allowed non-dischargeable debts shall be enjoined from enforcement of such allowed non-dischargeable debt until the allowed claims of Classes 1-6 are fully paid and until such time the $50,000.00 due Class 7 allowed claims are fully paid.

2. Scope of Discharge.

The discharge of the Debtor shall be effective as to each claim, regardless of whether a Proof of Claim was filed, whether the claim is an allowed claim or whether the holder thereof votes to accept the Plan. The automatic stay shall remain in effect pursuant to 11 U.S.C. § 1115. As to every discharged claim and interest any holder of such claim or interest shall be precluded from asserting against the reorganized Debtor or against their respective assets or properties any other or further claim or interest based upon any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Confirmation date. Further, any holder of a claim or interest shall be precluded from asserting the same against the Debtor or the reorganized Debtor, except as specifically provided for in the Plan or any Final Order entered prior to confirmation of this Plan.

3. Injunction.

(a) effective on the confirmation date, all persons who have held, hold or may hold claims or allowed claims, or who have held, hold or may hold interests, shall be enjoined from taking any of

the following actions against or affecting the Debtor or the assets of the Debtor or the Trust (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order or with respect to such claims or interests):

>   (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtor, or the assets of the Debtor or the Trust, or any direct or indirect successor in interest to the Debtor, or any assets of any such transferee or successor;

>   (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly, any judgment, award, decree or order against the Debtor or the assets of the Debtor or the Trust, or any direct or indirect successor in interest to the Debtor, or any assets of any such transferee or successor;

>   (iii) creating, perfecting otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or the assets of the Debtor or the Trust or any direct or indirect successor in interest to any of the Debtor, or any assets of any such transferee or successor other than as contemplated by the Plan;

>   (iv) asserting any set-off-right of subordination or recoupment of any kind, directly or indirectly against any obligation due the Debtor or the assets of the Debtor or the Trust, or any direct or indirect transferee of any assets of, or successors in interest to the Debtor; and

>   (v) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

## ARTICLE X

### Miscellaneous Provisions

1. Avoidance Action.

The Debtor may, not later than one hundred eighty (180) days following the Confirmation Date, commence any action in the Bankruptcy Court for the recovery of bankruptcy claims.

2. Amounts of Claims.

All references to claims and amounts of claims refer to the amount of the claim allowed by operation of law, Final Order of the Bankruptcy Court or this Plan, provided; however, that claims which have been objected to and which have not been allowed or disallowed prior to the ballot date shall be voted and counted to the extent fixed and in such amount as estimated by or fixed by the Bankruptcy Court. The Debtor and other interested parties reserve the right, both before and after the confirmation date, to object to claims so as to have the Court determine the allowed amount of such claims in respect of this Plan.

3. No Interest.

Except as expressly stated in this Plan, or directed by the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any claim subsequent to the filing date.

4. No Attorneys' Fees.

No attorneys' fees will be paid with respect to the assertion against the Debtor on any claim of creditors except as may otherwise be identified herein by specific dollar amount or directed by the Confirmation Order or other Final Order of the Bankruptcy Court.

5. Exculpation.

Not Debtor, and none of the Debtor's employees, attorneys, accountants, advisors or agents shall have or incur any liability to any holder for any act or omission in connection with or arising out of their administration of the Plan or the property to be distributed under the Plan except for gross negligence or willful misconduct.

6. Post-Confirmation Effect of Evidences of Claims or Interests.

Except as otherwise provided in the Plan, effective upon the confirmation date, all evidences of claims or interests shall represent only the right to participate in the distributions, if any, contemplated by the Plan. No security interests except as specifically provided in the Plan or Order Confirming the Plan shall continue in or against the property of the Debtor.

7. No Prepayment Penalties.

Notwithstanding any provision of the Plan or any obligation or loan document or agreement adopted by the Plan, there shall be no prepayment penalties.

8. Governing Law.

Except to the extent the Bankruptcy Code or Federal Bankruptcy Rules are applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio, without giving effect to the principles of conflicts of law thereof.

9. Headings.

The headings of the Articles, paragraphs and sections of this Plan reinserted for convenience only and shall not affect the interpretation hereof.

10. Notices.

All notices, requests, elections or demands in connection with this Plan shall be in writing and shall be delivered by personal or overnight delivery service or courier, or by registered or certified mail, return receipt requested to:

> Jeffery A Faulkner
> 7733 Pleasant Valley
> Camden, OH 45311

with copies to:

> Thomas R. Noland Esq.
> Statman, Harris & Eyrich, LLC
> 1 S. Main St., Suite 900
> Dayton, OH 45402

11. Successors and Assigns.

The rights, benefits and obligations of any person named or referred to in this Plan will be binding upon, and will inure to the benefit of, the heirs, executor, administrators, representatives, successors or assigns of such person.

Dated:   September 9,   2011.             /s/ Jeffery A. Faulkner
                                          Jeffery A. Faulkner
                                          Debtor and Debtor in Possession

Statman, Harris & Eyrich, LLC

 /s/ Thomas R. Noland
Thomas R. Noland (0018239)
Michael Keefe (0086645
900 Fifth Third Center
1 S. Main Street
Dayton, OH 45402
937-222-1090
937-222-1046 fax
notices@statmanharris.com
Counsel for Debtor and Debtor in Possession